HENRY WESTON v. TERRITORY.

No. 1980, Okla. T.    Opinion Filed November 19, 1908.

(98 Pac. 360.)

1.    INDICTMENT AND INFORMATION—Language of Statute. In an indictment for committing an offense against a statute, the offense may be described in the general language of the act, but the description must be accompanied by a statement of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on the trial.

2.    INTOXICATING LIQUORS—Illegal Sale—Information. An information or indictment for selling malt, spirituous, or vinous liquors, or any intoxicating drinks, in violation of section 3407, Wilson's Rev. & Ann.

St. 1903, must give the name of the person to whom the sale was made, so that the defendant may know what particular offense he is called upon to defend against.

3.    SAME. An information for giving away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, in violation of section 3407, Wilson's Rev. & Ann. St. 1903, must state the name of the person to whom the gift was made, and the pretext under which the gift was made must also be stated, so that the defendant may know what offense he is required to defend against.

4.    CRIMINAL LAW—Appeal—Reversal. When an indictment is fatally defective, and there is no testimony in the case tending to show a violation of law, the conviction will be reversed, with directions to dismiss the case.

(Syllabus by the Court.)

*Appeal from Woods County Court; W. T. Wilson, Judge.*

Henry Weston was convicted of violation of the liquor law and appeals. Reversed and remanded

On the 13th day of July, 1905, the following information was filed in the probate court of Woods county, Okla. T., against Henry Weston, hereinafter called defendant, and Thomas Fox, viz.:

'Territory of Oklahoma, Plaintiff: v. Henry Weston and Thomas Fox, Defendants. Amended information. Comes now Luther Martin, the duly elected, qualified, and acting county attorney, within and for said Woods county, territory of Oklahoma, in the year of our Lord one thousand nine hundred and five, in the name and authority and on behalf of the territory of Oklahoma, information makes: That on the 23rd day of June, 1905, in the county of Woods and territory of Oklahoma, Henry Weston and Thomas Fox did then and there sell at retail and give away malt, spirituous, and vinous liquors, and intoxicating drinks without having obtained a license for the sale thereof, and that said liquors were not made from grapes grown or raised by the said Henry Weston and Thomas Fox on land owned or occupied by them in the territory of Oklahoma, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the territory of Oklahoma. Luther Martin, County Attorney."

Said amended information contains the following indorsement:

"Territory of Oklahoma, County of Woods,—ss.: Personally appeared before me the undersigned authority, J. Henry Walker, who, being of lawful age and first duly sworn on his oath, says that he read and knows the statements and allegations contained in the within information, and that the same are true. J. Henry Walker.

"Subscribed and sworn to before me this 13th day of July, 1905. T. D. Nash, Probate Clerk."

On the same day defendant filed his demurrer to said information, which was overruled by the court, to which defendant duly reserved an exception. On the 14th day of July, 1905, the jury returned a verdict finding Thomas Fox, who was jointly charged with the defendant, with the offense named in the information, not guilty, and also a verdict finding the defendant guilty as charged. A motion for a new trial was filed and overruled, and the defendant brought this case to the Supreme Court of Oklahoma Territory by appeal. When the state of Oklahoma was admitted into the Union this case, under the provisions of our Constitution and the enabling act, was transferred to the Supreme Court of the state. Upon the creation of the Criminal Court of Appeals the Supreme Court, as directed by law, transferred the case to this court.

*Snoddy & Son,* for appellant.—

On the question of sufficiency of information: Compiled Statutes of Nebraska, § 2, c. 50; *Wendt v. State* (Neb.) 49 N. W. 351; *State v. Ball* (Neb.) 43 N. W. 398; *State v. Standish* (Kan.) 16 Pac. 66; *State v. Bernstein* (Iowa) 105 N. W. 1015; *Rector v. Territory,* 9 Okla. 530; *State v. Pischel,* (Neb.) 20 N. W. 848; *Seigel v. People,* 106 Ill. 94; *Young v. State,* 58 Ala. 359; *Gillian v. State,* 47 Ark. 556; *State v. Hutchins,* (Iowa) 36 N. W. 775; *State v. Briggs* (Iowa) 47 N. W. 865; Wilson's Rev. & Ann. St. Okla. 1903, § § 5358, 5365; *Alexander v. State,* 29 Texas; Bishop on Statutory Crimes, § 1037; *Dixon v. State* (Texas) 1 S. W. 448.

*W. C. Reeves,* Asst. Atty. Gen., for the Territory.—

On the sufficiency of the information: 23 Cyc. 232; Bishop's Criminal Procedure, § 436; Bishops's Statutory Crimes, § 244; Black on Intoxicating Liquors, § 441; *Pettit v. People* (Colo.) 52 Pac. 676; *Boldt v. State, 72* Wis. 7; *Jordon v. State* (Texas) 39 S. W. 110; *Dahmer v. State,* 56 Miss. 787; *Dant. v. State* (Ind.) 5 N. E. 870.

FURMAN, PRESIDING JUDGE (after stating the facts as above). In view of the disposition which we feel it to be our duty to make of this case, as in all probability it will nevei be tried again, and as the law upon which the information was based has been superseded by the constitutional and statutory provisions upon prohibition, we do not deem it necessary to do more than discuss and decide the vital questions in the case. These questions are, first, the sufficiency of the information; secondly, the sufficiency of the evidence.

First. In our judgment the information is fatally defective in attempting to charge a violation of law in the matter of selling at retail, or giving away, "malt, spirituous, and vinous liquors and intoxicating drinks" in violation of law. Section 3407, Wilson's Rev. & Ann. St. Okla. 1903, is as follows:

"Any person who shall sell at retail or give away upon any pretext, malt spirituous, or vinous liquors, or any intoxicating drinks without having first complied with the provisions of this act, and obtained a license, as herein provided, shall for each offense be fined," etc. It is seen that to sell at retail under the conditions named in the statute was an offense against the law, pretext or no pretext. But the giving away must have been "upon any pretext," or there was no violation of law. · This being a part of the section of the statute creating the offense, the very language of the statute, or words of similar import, must have been used in the information. In *Slover v. Territory,* 5 Okla. 509, 49 Pac. 1010, Judge Tarsney said:

"In criminal cases the accused has the constitutional right 'to be informed of the nature and cause of the accusation.' Const. U. S. Amend. art. 6. The indictment must set forth the offense with clearness and all necessary certainty, to apprise the accused

of the crime with which he stands charged, and every ingredient of which the crime is composed must be accurately and clearly alleged. It is an elementary principle of criminal pleading that the indictment must furnish the accused with such a description of the charge against him as will enable him to make his defense, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause, and also to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction if one should be had. For these facts are to be stated and set forth in the indictment with reasonable particularity of time, place, and cir. circumstances. *United States v. Cruikshank et al.,* 92 U. S. 542, 23 L. Ed. 588; Cooley's Const. Lim. 374; Wharton's Crim. Plead. & Prac. 153:"

In *Lawton v. Territory,* 9 Okla. 458, 60 Pac. 94, Judge Hainer said:

"However, all the courts hold that it is necessary to allege, in the indictment or information, every essential element of the crime, and that an indictment or information which fails to do so is bad."

In *Perkins v. Territory,* 10 Okla. 506, 63 Pac. 861, the Supreme Court held that:

"If the charge in the indictment is substantially in the language of the statute, it is sufficient, and the language used should receive its common and ordinarily accepted meaning."

These decisions are in harmony with the overwhelming weight of the decided cases, and with the philosophy of the law, and meet our entire approval.

The statute under discussion was taken from Nebraska. In the case of *State v. Ball,* 27 Neb. 604, 43 N. W. 399, the Supreme Court of that state said:

"The section under consideration was evidently intended to prohibit the sale of intoxicating liquors by those having no license to engage in the traffic. This is the primary object of the law. In order to make the prohibition effective, the Legislature saw proper to provide against its evasion by subterfuge or prtext in giving away, as by the sale of articles of no value, accompanied by a gift of the liquor, or by an ostensible or colorable transaction, by which the liquor could be disposed of without a sale, and yet constitute the principal element of the sale or barter.

Webster in his Unabridged Dictionary defines the word 'pre-text' as 'ostensible reason or motive assigned or assumed as a color or cover for the real reason or motive; false appearances; pretense.' It was evidently not the intention of the Legislature to make the simple act of giving. away intoxicating liquors a crime without reference to the circumstances, necessities, or con-ditions attending the giving; and therefore the giving of intoxi-cating liquors, when wholly unaccompanied by an intention to evade the law, is not necessarily a crime. We are strengthened in this view by reference to section 31 of the same chapter (Comp. St 1895, c. 50, § 31), which makes it a crime for any person to treat another or to give away any liquor, beer, wine, or intox-icating beverages whatever, purchased and to be drunk in any saloon, or other public place where such liquors or beverages are kept for sale. If it had been the intention of the Legislature to make the giving away of intoxicating liquors a crime in all cases, then the enactment of the section above referred to would have been wholly useless, as the offense would have been completely covered by section 11 above quoted. If the giving 'was upon any pretext,' for the purpose of evading the law, the pretext, un-der which it was given would have to be set out substantially in the indictment. The indictment in this case, therefore, did not charge the crime of 'giving away' under the provisions of the section quoted, and did not charge a violation of the law in that particular. We think, also, that the contention of counsel for the district court that the indictment was vague and uncertain, as charging both the selling and giving away, within the mean-ing of the statute, of the same article of intoxicating liquors, can-not be maintained. As we have seen, in order to constitute a crime, the giving must be upon some pretext for the purpose of evading the law, and the term 'giving away' does not inport such an act. This being true, the allegation of the indictment can charge nothing more than the sale and delivery of the liquor to the person named. That it might have been better pleading to charge in direct terms the sale and delivery of the liquor is perhaps true (although the term 'sale' probably includes both), yet we cannot see that more than this was charged."

In *United States v. Hess,* 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516, the Supreme Court held that:

"In an indictment for committing an offense against a statute, the offense may be described in the general language of the act, but the description must be accompanied by a statement

of all the particulars essential to constitute the offense or crime, and to acquaint the accused with what he must meet on trial."

It will not be denied that, in cases of obtaining money or goods under false representations, the indictment or information must not only use substantially the language of the statute in charging the offense, but must go further and give the representations made which are claimed to be false, and also give the name of the party defrauded, and state all of the material details of the transaction. Otherwise is it manifest that a defendant could not prepare to make his defense or plead a judgment, either of acquittal or conviction in bar of a subsequent indictment for the same offense. So in the case at bar the indictment should have given the name of the person to whom the alleged sale was made, and should have alleged that the gift was upon a pretext, and have stated what the pretext was, and the name of the person to whom the pretended gift was made. The necessity for this rule of law is clearly stated in *Dixon v. State*, 21 Tex. App. 520, 1 S. W. 450. The court said:

"In the case of the offense with which the defendant has been convicted, this rule is particularly applicable, because the accused party may have sold intoxicating liquors to a thousand different persons without, in a single instance, having violated the law. The sales may have been to persons who had proper prescriptions, or the liquor sold may have been for sacramental purposes. How is he to know what particular sale he is to answer for unless the indictment in some way identifies the sale complained of by the state as a violation of law? Must he come prepared to prove the legality of each of the thousand sales he has made? To require this would be unreasonable and oppressive. It is not unreasonable to devolve upon the state the not difficult duty of informing the accused which one of the sales made by him is complained of as unlawful. We think that he is entitled to this information, and because in this case the indictment did not afford such information, it is uncertain and bad, and the trial court erred in overruling the exception to it, for which error the judgment is reversed, and because the indictment is defective in the matter of substance, the prosecution is dismissed."

We fully concur in the views expressed in these authorities.

Second. Upon an examination of the evidence we find that there is not a particle of testimony of any sale. There is evidence of the defendant having given away intoxicating drinks, but there is no evidence of "any pretext," or that such giving was a subterfuge to evade or defeat the law. For these reasons the trial court erred in not sustaining defendant's demurrer to the indictment, and also erred in orerruling defendant's motion for a new trial. While this court is anxious to sustain the proceedings in trial courts, it can only do so when they are in conformity with the law.

This judgment is therefore reversed, and the cause remanded, with directions to the trial court to sustain defendant's motion for a new trial and his demurrer to the information, and dismiss the prosecution and discharge the defendant.

BAKER and DOYLE, Judges, concur.