## BUD BANKS V. STATE.

No. A.-56.   Opinion Filed May 1, 1909.

(101 Pac. 610.)

1.   INTOXICATING LIQUORS—Information—Name of Purchaser An information or indictment for a single sale of intoxicating liquors must allege the name of the person to whom the sale was made, if known; if unknown, this fact must be alleged.

2.   INSTRUCTIONS—Credibility of Witness. It is error for the court to single out the defendant and instruct the jury upon the credibility of his evidence.

3.   SAME—Date of Offense. It is error for the court to instruct the jury that if the testimony shows the commission of the offense charged, at any time since the date mentioned in the indictment, they may convict. Instructions as to the time must be confined to the time extending back from the filing of the prosecution to the date included in the statute of limitations.

4.   APPEAL—Waiver of Error. If counsel fail, in their briefs, to state fully the grounds upon which they rely for a reversal, this court will treat such questions not so presented as having been waived, unless questions involve fundamental matters.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

Bud Banks was convicted of an illegal sale of liquor, and appeals.   Reversed and remanded.

The charging part of the information is as follows:

"That the said Bud Banks in the county of Muskogee, state of Oklahoma, on the 29th day of August, 1908, did knowingly and unlawfully sell and furnish intoxicating liquors contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information upon the ground that it did not state the name of the person or persons to whom the intoxicating liquors were sold.   This demurrer was overruled by the court, to which the defendant excepted.

Upon the trial the court instructed the jury as follows:

"No. 3. The court instructs the jury that the defendant in this case is a competent witness in this case, and you must consider his testimony in arriving at a verdict; but in determining what weight and credibility you must give to his testimony in making up your verdict you may take into consideration the fact that he is the defendant in this case and on trial, his interest in the result of the trial, together with any other fact or circumstance of the trial affecting the credit to be given the testimony of any of the witnesses in the case."

To this instruction the defendant excepted.

The court instructed the jury as follows:

"The court instructs the jury: That the defendant is charged with the crime of selling intoxicating liquor; that, if the jury believe from the testimony beyond a reasonable doubt that the defendant did, at any time since the 24th day of March, 1908, within the county of Muskogee, state of Oklahoma, sell intoxicating liquors of any kind, including beer, ale, and wine, it is your duty to find the defendant guilty as charged in the information."

To this instruction the defendant reserved an exception.

The defendant was found guilty by the jury. Motions in arrest of judgment and for a new trial were filed by the defendant and overruled by the court, to which the defendant excepted. The defendant was then sentenced by the court to pay a fine of $50, and the costs of the prosecution, and to 30 days' confinement in the county jail of Muskogee county. The case is regularly before us upon appeal.

*S. M. Rutherford* and *Bailey & Kistler,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). First. The information in this case is fatally defective because it does not allege the name of the person or persons to whom the alleged sale of intoxicating liquors was made, or allege that such name or names were unknown. Our reasons for this conclusion, and the authorities upon which we rely will be found in the cases of *Weston v. Territory,* 1 Okla. Cr. 407, 98 Pac. 360, *Fletcher v. State, ante.* p. 300, 101 Pac. 599, and *Lightle v. State, ante,* p.

334, 101 Pac. 608. The court therefore erred in not sustaining the demurrer to the information.

Second. In the case of *Green v. United States, ante,* p. 55, 101 Pac. 112, and *Fletcher v. State, supra,* this court held that it was error for the court to single out the defendant and instruct the jury as to the credibility of his testimony. In addition to what was said in the two cases above referred to, we will add that the credibility of any witness in a case is the proper subject of argument by the counsel in the case, and must be submitted to the jury for determination unhampered by any suggestions from the trial court. Our views are well presented in the following authorities:

"Because of the difficulty, however, in so framing an instruction, where the defendant's name is mentioned at all, as not to give his testimony undue prominence, either for or against him, it would be better for trial judges to let him pass, with all the other witnesses, under the purview of a general charge as to the credibility of all the witnesses, leaving to the attorneys in argument to call the attention of the jury to any peculiar facts applicable to any particular witness." (*Vaughn v. State,* 58 Ark. 365, 24 S. W. 888.)

"From the high and authoritative position of a judge presiding at a trial before a jury, his influence with them is of vast extent, and he has it in his power, by words or actions, or both, to materially prejudice the rights and interests of one or the other, of the parties. By words or conduct, he may, on the one hand, support the character or testimony of a witness, or, on the other, may destroy the same, in the estimation of the jury; and thus his personal and official influence is exerted to the unfair advantage of one of the parties, with a corresponding detriment to the cause of the other. We regret the necessity for an expression of our disapproval of irregularity of which complaint is made, and though we do not impugn the expression as designed to aid the side of the plaintiff, we may say we should not hesitate to reverse the judgment because of it, if the same depended in any material degree upon the testimony of the witness whose character and standing was thus indorsed." (*McMinn v. Whelan,* 27 Cal. 319.)

"It is a rule, applicable alike in civil and criminal cases, that it is error for the judge, directly or inferentially, to express an

opinion to the jury, or in their hearing, as to the credibility of a particular witness, or as to the weight which they should attach to his testimony. He must not single out a particular witness, and mentioning him by name, instruct the jury to take into consideration his interest in the suit as affecting his credibility." (Thompson on Trials, vol. 2, § 2421.)

The trial court therefore erred in the instructions given upon the credibility of the defendant's evidence.

Third. The instruction that the jury might convict upon proof of the sale of intoxicating liquors made after the 24th of March, 1908, was too broad, as it would warrant a conviction upon proof of a sale made after the filing of the information. The law is that a conviction could be had upon proof of a sale made at any time prior to the filing of the information and within the statute of limitations. Indictments and informations must be based upon facts and not upon prophecies. It has always been held that time is not the essence of criminal offenses, and is only material in connection with the statute of limitations. The prosecution in any criminal case is therefore not bound by the date of the alleged offense, as stated in the information or indictment, but, may prove the commission of the offense at any time prior to the institution of the prosecution and within the limitation prescribed by the statute applicable to the offense charged. The court therefore erred in this instruction.

Fourth. Some other exceptions were taken with reference to other matters occurring on the trial; but, as counsel in their brief neglected to state the grounds upon which they rely to support these exceptions, we are compelled to treat them as having been abandoned, as they do not involve any fundamental question. If counsel desire to invoke the judgment of this court upon any question, they should do all in their power to assist the court in arriving at correct conclusions with reference to the matter. This can only be done by giving this court the benefit of their views and of the authorities upon which they rely. We must presume the regularity of all proceedings in courts of record. The bur-

den is upon him who assails the proceedings of courts of record to show wherein they are erroneous.

For the reasons hereinbefore given, the case is remanded, with instructions to the county court of Muskogee county to set aside the verdict of the jury and sustain the demurrer to the information.

Reversed and remanded.

BAKER and DOYLE, Judges, concur.