## J. G. MITCHELL v. STATE.

No. 99.   Opinion Filed June 3, 1909.

(101 Pac. 1100.)

1.    INTOXICATING LIQUORS— Information—Name of Purchaser.
An information charging a single sale of intoxicating liquor must
allege the name of the person to whom the sale was made, if
known; if unknown, this fact should be averred.

2.    INSTRUCTIONS—Credibility of Accused.   It is error for the trial
court to single out the accused, and instruct the jury upon the
credibility of his evidence.   The accused, in respect to his evi-
dence, should be treated in the court's charge in the same manner
as other witnesses in the case.

3.    SAME—Presumption of Innocence.   It is error for the court to
charge the jury as follows.   "The jury is instructed that the
defendant must be presumed to be innocent until his guilt
is fully established by legal evidence"—for the reason that, be-
fore the jury can lawfully convict, they must find the accused
guilty of the charge against him beyond all reasonable doubt.

4.    SAME—Time of Offense.   It is error in a misdemeanor case for
the court to charge the jury that, if the testimony shows the
commission of the offense charged at any time since the date
mentioned in the information and the time of the trial, they may
convict.   Instructions as to time should be limited to a date
anterior to the date of the filing of the information, and within
the limits included in the statute of limitation.   Proof of offenses
committed subsequent to the date of the filing of the information
and before the date of the trial should not be admitted in evi-
dence, and should not be included in the instructions.

(Syllabus by the Court.)

*Error from Muskogee County Court; W. C. Jackson, Judge.*

J. G. Mitchell was convicted for unlawfully selling intoxi-
cating liquor, and he brings error.   Reversed and remanded, with
directions.

The plaintiff in error, who will for convenience sake be here-
inafter referred to as the accused, was, on the 8th day of January,
1908, prosecuted in the county court of Muskogee county upon
an information charging "that the said J. G. Mitchell did, on the

26th day of December, 1907, in the county of Muskogee, state of Oklahoma, unlawfully sell one pint of intoxicating liquor, against the peace and dignity of the state." To this information accused filed a demurrer, alleging that the information does not state facts sufficient to constitute an offense against the state; that the court has no jurisdiction of the subject-matter of the offense; that the information does not set forth the name of the person, or persons, to whom the intoxicating liquors were sold. The demurrer was overruled, and the accused saved an exception. The trial resulted in a verdict of guilty. Accused filed a motion for a new trial alleging that the verdict is contrary to the law, contrary to the evidence, contrary to the law and the evidence; that the court erred in its instructions to the jury, and erred in refusing the request of the accused to instruct the jury to return a verdict of guilty. The motion for a new trial was overruled, to which the accused duly excepted. The court, in rendering judgment upon said verdict, sentenced the accused to the payment of a fine of $50 and costs of prosecution, and that he be confined in the county jail of Muskogee county for a period of 30 days. From this judgment the accused appeals to this court.

*M. G. Bailey* and *S. M. Rutherford,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

BAKER, JUDGE. (after stating the facts as above). The petition in error alleges the same grounds for reversal as are stated in the motion for a new trial, and that the court erred in overruling the motion for a new trial. In briefing the case counsel for the accused rely upon the fact that the information filed herein does not state to whom the intoxicating liquors were sold, and cites in support of this contention the case of *Weston v. Territory of Oklahoma,* 1 Okla. Cr. 407, 98 Pac. 360. This court has also passed upon this question in the case of *Charley Fletcher v. State of Oklahoma, ante,* p. 300, 101 Pac. 599. The opinions in these cases were written by the presiding judge of this court, and this subject is ably and exhaustively treated, and all the lead-

ing and well-considered authorities are therein cited, wherein the doctrine announced in the cases above cited is fully and completely sustained.    The county court committed reversible error in not sustaining the demurrer, for the reason that the information does not state to whom the intoxicating liquors were sold; and, without further discussion, and approving the reasoning of the court in the cases above cited, this court holds that the trial court erred in not sustaining the demurrer, for the reasons stated.

The record discloses that the trial court erred in its instructions to the jury, when the jury was instructed as shown by paragraph 3 of the charge in this case, as follows:

"The court instructs the jury that the defendant in this case is a competent witness in this case, and you must consider his testimony in arriving at a verdict; but, in determining what weight and credibility you must give to his testimony in making up your verdict, you may take into consideration the fact that he is the defendant in this case and on trial, his interest in the result of the trial, together with any other fact or circumstance of the trial affecting the credit to be given the testimony of any of the witnesses in the case."

This court held in *Charley Fletcher v. State, supra,* that it is error for the trial judge to single out the accused personally and instruct the jury upon the credibility of his evidence.    This doctrine is supported by reason and justice.    The accused should be treated as any other witness, and his evidence should not be burdened by the court especially referring to it.    The evidence of the accused should be treated the same as the evidence of all the witnesses.    The instructions to the jury should apply alike to all the witnesses.    The trial court therefore erred in giving paragraph 3 of the charge.

The trial court also erred in giving instruction No. 1, as shown by the record, in this:    That the court charged that, if the jury believes beyond a reasonable doubt that the accused did, at any time, since the 16th day of November, 1907, within the county of Muskogee, state of Oklahoma, sell intoxicating liquors of any kind, it was their duty to find the accused guilty, as charged in

the information.  This instruction is too broad.  The time should be confined between the 16th day of November, 1907, and the date of the filing of the information.  The sale must be anterior to the date of the filing of the information.  The jury could, under said charge, have based their verdict on any sale after December 26th and the day of the trial.  This question was passed upon by this court in the case of *Banks v. State,* reported in this volume, 101 Pac. 610, in which it is held, in an opinion written by Presiding Judge Furman:

"It is error for the court to instruct the jury that, if the testimony shows the commission of the offense charged at any time since the date mentioned in the indictment, they may convict.  Instructions as to time must be confined to the time extending back from the filing of the prosecution to the date included in the statute of limitations."

The trial court also erred in its instruction No. 4 in this case, in which the jury is charged as follows: "The jury is instructed that the defendant must be presumed to be innocent until his guilt is fully established by legal evidence."  The error consists in not going far enough in this instruction, by adding to it the words "beyond a reasonable doubt."

The court also erred in giving the fifth charge, in which the jury is instructed as follows:

"The court instructs the jury that, before they can convict the defendant, they must be satisfied of his guilt beyond a reasonable doubt. Such to authorize an acquittal upon a reasonable doubt alone, must be a substantial doubt as to defendant's guilt, with a view to all the evidence in the case, and not a mere possibility of the defendant's innocence."

The unfortunate part of the charge is that the court places the cart before the horse.  The legal proposition is not that the accused should be acquitted upon a reasonable doubt, but he must be found guilty beyond a reasonable doubt.  Figuratively speaking, before the law puts its hands upon him, and takes from him either his liberty or his life, the evidence must show his guilt beyond a reasonable doubt.  This instruction was therefore misleading and

erroneous. *Shoemaker v. Territory,* 4 Okla. 118, 43 Pac. 1059; *Patzwald v. United States,* 7 Okla. 232, 54 Pac. 458; *Johnson v. State,* 29 Tex. App. 151, 15 S. W. 647; *Weber v. Oklahoma,* reported in this volume, 101 Pac. 355. In the last cited case this court, in an opinion written by Judge Doyle, considers and approves the cases herein cited.

For the various reasons pointed out, the judgment of the lower court is reversed, and this case remanded to the county court of Muskogee county, with instructions that the demurrer filed by the accused be sustained.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.