## C. H. CLARK and JOHN SPARKS v. STATE.

### No. A-116.   Opinion Filed November 23, 1910.

#### (111 Pac. 659.)

INSTRUCTIONS—*Credibility of Accused.* It is error for the trial court to single out the accused and instruct the jury upon the credibility of his evidence. The accused, in respect to his evidence, should be treated in the court's charge in the same manner as other witnesses in the case.

(Syllabus by the Court.)

*Appeal from District Court, Greer County; G. A. Brown, Judge.*

C. H. Clark and John Sparks were convicted of assault with intent to kill, and appealed.   Reversed.

*J. S. Powers* and *S. B. Garrett,* for plaintiffs in error.
*E. G. Spilman,* Assistant Attorney General, for the State.

FURMAN, PRESIDING JUDGE.   Upon the trial of this cause the court charged the jury as follows:

"Under the law the defendants are competent witnesses in their own behalf, and the jury have no right to disregard their testimony alone from the fact that they are the defendants and stand charged with the offense; but you should take and consider their testimony; and weigh and measure it in the same way and under the same rules as you would the testimony of any other witness.   In weighing and considering the testimony of any witness who has testified in the case, you have the right to take into consideration the opportunity of the witness for knowing the matters and things about which he or she testifies, his or her fairness or lack of fairness, candor or lack of candor, his or her appearance on the witness stand, his or her demeanor while in the presence of the jury, his or her interest in the result of the case, if such is shown by the evidence, and from all the facts and circumstances appearing in evidence you shall determine how much or how little to believe of the testimony of any witness."

The first portion of the instruction singles out the defendants and attracts the attention of the jury directly to them.   This bur-

dens their testimony with what is said in the succeeding portions of the instructions. It was equivalent to instructing the jury to particularly consider the interest of the defendants in the result of the case..

Defendants excepted to this charge at the time it was given, and complained of it in the motion for a new trial, and also in their brief. Similar instructions have been repeatedly condemned by this court. *Green v. U. S.,* 2 Okla. Cr. 55, 99 Pac. 892; *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610; *Fletcher v. State,* 2 Okla. Cr. 301, 101 Pac. 599; *Mitchell v. State,* 2 Okla. Cr. 442, 101 Pac. 1100. In *Fletcher v. State* this court said:

"We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse. We trust that the courts of Oklahoma will cease to give such instructions in the future; otherwise, it will result in reversal of many convictions which, but for such instructions, would be affirmed."

We do not think that the courts can be too careful in refraining from any actual or apparent expression of opinion with reference to the credibility of any witness, be he defendant or otherwise. This is a question for the jury alone. In argument, counsel may attack the credibility of any witness, and we can see no impropriety in the instructions containing general rules applicable to all of the witnesses, providing these general rules are not given a personal application.

For these reasons, the judgment of the lower court is reversed.

DOYLE and RICHARDSON, JUDGES, concur.