### ELISHA BLACK v. STATE.

No. A-292.   Opinion Filed February 6, 1911.

(115 Pac. 604.)

TRIAL—Instructions—Credibility of Defendant.   It is error for the trial court to single out the defendant, and instruct the jury as to his credibility as a witness, especially when the prosecuting witness and the defendant are the only material witnesses testifying.

(Syllabus by the Court.)

*Appeal from McClain County Court; E. E. Glasco, Judge.*

Elisha Black was convicted of selling intoxicating liquors, and appeals.   Reversed and remanded.

*H. S. Pulse* and *B. F. Wolf*, for appellant.
*Smith C. Matson*, Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   The appellant, Elisha Black, was indicted by the grand jury of McClain county on a charge of selling intoxicating liquor, was tried in the county court and convicted on May 10, 1909, and sentenced to pay a fine of $150 and be confined in the county jail for 30 days, and appeals to this court for a reversal of the judgment.

This court has repeatedly held that it is error for the trial court to single out the defendant, and instruct the jury as to the credibility of his testimony.   In the case of *Banks v. State*, 2 Okla. Cr. 339, 101 Pac. 610, in discussing this question, the court said:

"The credibility of any witness in a case is proper subject

of argument by counsel in the case, and must be submitted to the jury unhampered by any suggestion from the trial court."

See, also, *Green v. U. S.*, 2 Okla. Cr. 55, 101 Pac. 112; *Fletcher v. State*, 2 Okla. Cr. 300, 101 Pac. 599. The only evidence in this case bearing upon the question of this sale was the evidence of the prosecuting witness and that of the defendant, and under such circumstances the trial court should have been especially careful to avoid a charge upon the credibility of the defendant's testimony.

For the error committed in giving the instruction complained of, and for the reasons herein set forth, the case is reversed and remanded, with directions to the court below to grant the appellant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.