# B. S. PECK v. STATE.

No. A-344.   Opinion Filed February 6, 1911.

(113 Pac. 200.)

*Appeal from Canadian County Court; H. L. Fogg, Judge.*

B. S. Peck was convicted of gaming and appeals.   Reversed.

*J. M. Frame* and *Roberson & Roberson*, for plaintiff in error.

*Chas. West*, Atty. Gen., and *Smith C. Matson*, Asst. Atty. Gen., for the State.

PER CURIAM.   B. S. Peck, plaintiff in error, was convicted in the county court of Canadian county for the crime of conducting a game of poker, was found guilty by a jury, and his punishment assessed at a fine of $125 and imprisonment in the county jail for a period of 30 days. From this judgment and sentence he appealed by filing in this court on October 29, 1909, a petition in error with case-made attached.

On September 1, 1910, the Attorney General filed a confession of error, for the reason that the court in his charge to the jury gave the following instruction:

"The defendant having voluntarily offered himself as a witness, the jury has no right to disregard his testimony for the reason, alone, that he stands charged with the commission of the offense set out in the complaint herein. He has a right to testify, and his testimony is to be weighed and considered by the jurors, in the same manner as the testimony of other witnesses, with the exception that his interest in the case, if any, must be considered by the jury in determining what weight and credit they will give it"—which instruction was duly excepted to.   This ground is presented in the petition in error, and argued at length in brief of plaintiff in error.

Under the ruling of this court, instructions singling out the defendant personally, and commenting upon the weight to be given his evidence, have been held to be reversible error in the

following cases: *Green v. United States,* 2 Okla. Cr. 55, 101 Pac. 112; *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610; *Mitchell v. State,* 2 Okla. Cr. 442, 101 Pac. 1100; *Price v. United States,* 2 Okla. Cr. 449, 101 Pac. 1036; *Reed v. United States,* 2 Okla. Cr. 652, 103 Pac. 371. Our conclusion is that the confession of error is well-founded.

The judgment is therefore reversed, and the cause remanded, with direction to grant a new trial.