WARREN TAYLOR v. STATE.
GEORGE ODOM v. STATE.
WALTER LONG v. STATE.
GEORGE LUCAS v. STATE.

Nos. A-413, A-414, A-415, A-416. Opinion Filed March 7, 1911.

(114 Pac. 628.)

1.   TRANSFER OF CAUSES—Misdemeanors—Transfer of Indictments. The statute providing for the transfer of indictments charging misdemeanors from the district to an inferior court (section 550, Snyder's Sts.) provides that: "The judge of such court shall immediately, or as soon as convenient, make an order transferring the same to such inferior court as may have jurisdiction to try the offense therein charged, stating in such order the cause transferred, and to what court transferred." Section 551, Snyder's Sts., provides: "It shall be the duty of the clerk of the district court, without delay, to deliver the indictment in all cases transferred, together with all the papers relating to each case, to the proper court or justice of the peace, as directed in the order of transfer; and he shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court." This act prescribes no particular form of certificate to such transfer, and a substantial compliance with the provisions of the act is all that is required in such proceedings.

2.   TRIAL—Instructions—Time of Committing Offense. It is error for the court to instruct the jury that if the testimony shows the commission of the offense charged, at any time prior to the trial, they may find the defendant guilty. An instruction as to the time must be confined to the time extending back from the filing of the accusation within the time fixed by the statute of limitations.

(Syllabus by the Court.)

*Appeals from McIntosh County Court; Frank W. Rushing, Judge.*

Warren Taylor, George Odom, Walter Long, and George Lucas were each separately indicted for violations of the prohibition law, and from convictions they appeal. Reversed and remanded.

*De Roos Bailey, J. E. Wyand, J. B. Lucas,* and *Chas A. Moon,* for plaintiffs in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, Judge. By indictments presented in the district court of McIntosh county plaintiffs in error in each of the above entitled and numbered cases were each charged with violations of the prohibition law. The indictments in these cases, together with about 50 more indictments wherein defendants were charged with violations of the prohibition law, were found and presented in the district court at the June, 1909, term of said court, and upon proper motions were transferred to the county court. Motions to set aside and quash said indictments were made in the county court, for the reason, among others, that the transfer from the district court to the county court does not contain a certified copy of the proceedings in said district court. The motions were overruled.

An examination of the record and transcript shows that the transfer of said indictments from the district to the county court was made in substantial compliance with the requirements of the statute, and there was no error in overruling the motions to quash and set aside. The demurrers as filed in each case were also properly overruled by the court.

In each of said cases appealed to this court the court instructed the jury as follows:

"If you believe from the testimony that the defendant did in McIntosh county, Okla. on said date or any other day or date since the 17th day of November, 1907, sell, barter, give away, or otherwise furnish spirituous, vinous, fermented, and malt liquors, compound, imitation, or substitute therefor, it is your duty to find defendant guilty, if the evidence shows beyond a reasonable doubt that said selling, bartering, giving away, and otherwise furnishing said liquors constituted the offense charged in the indictment in this case. Excepted to by defendant. Overruled. Frank W. Rushing, County Judge."

The indictments in these cases were found and presented in the month of June, 1909, and the trials were had in the month of August of the same year. An instruction that the jury might convict upon proof of the commission of the offense at any time prior to the trial is erroneous, as it would warrant a conviction

upon proof of an offense subsequent to the finding and presenting of the indictment.

It is held by this court in the case of *Banks v. State*, 2 Okla. Cr. 339, 101 Pac. 610, that:

"The law is that a conviction could be had upon proof of a sale made at any time prior to the filing of the information and within the statute of limitations. Indictments and informations must be based upon facts and not upon prophecies. It has always been held that time is not the essence of criminal offenses, and is only material in connection with the statute of limitations. The prosecution in any criminal case is therefore not bound by the date of the alleged offense, as stated in the information or indictment, but may prove the commission of the offense at any time prior to the institution of the prosecution and within the limitation prescribed by the statute applicable · to the offense charged. The court therefore erred in this instruction."

See, also, *Fletcher v. State*, 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581, and *Mitchell v. State*, 2 Okla. Cr. 442, 101 Pac. 1100. In the case of *G. A. Johnson v. State, ante*, 113 Pac. 997 (decided at this term), Presiding Judge Furman used the following language:

"It requires neither argument nor citation of authorities to sustain the proposition that the guilt of the defendant must be complete at the time when the accusation is filed against him, and that no one can be lawfully convicted of an offense which was committed subsequent to the filing of the prosecution against him. Indictments and informations are based upon past occurrences, and not upon future contingencies which may or may not happen. * * * It matters not how anxious the members of this court may be to see the laws enforced and the judgments of the lower courts sustained. we cannot ignore the flagrant disregard of the most elementary principles of law and justice which are presented in the record before us."

For the error indicated, the judgment in each of the above entitled and numbered causes is hereby reversed, and the causes are remanded to the county court of McIntosh county, with directions to grant new trials.