FIRST STATE BANK OF DAVIDSON v. CLINGAN *et al.*

No. 1246.    Opinion Filed March 19, 1912.

(122 Pac. 661.)

**BILLS AND NOTES**—Actions—Instructions.  In a suit on a promissory note where fraud and alteration is alleged as a defense and the jury is charged as follows:  "The burden is upon the plaintiff to establish the facts entitling it to recover by a preponderance of the evidence"—such an instruction, standing alone or unaided by any instruction as to who assumed the burden of proof on the issues of fraud, is erroneous.

(Syllabus by Harrison, C.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

Action by the First State Bank of Davidson against C. J. Clingan and others on a promissory note.  Judgment for plaintiff against C. J. Clingan, and for defendants S. F. Cannon and another, and plaintiff brings error.  Reversed and remanded.

This suit was filed in the district court of Tillman county March 12, 1908, by the First State Bank of Davidson, Okla., against C. H. Clingan, S. F. Cannon, and J. C. Whelchel for recovery on a promissory note for $686.96, interest and costs. Plaintiff alleges the execution and delivery of the note by defendants, setting out a copy of the note sued on as an exhibit to and part of its petition, and asks for judgment for the face of the note, and for interest and attorney's fees provided for therein, and for costs of suit.  The note sued on is as follows:

"$686.96.  Exhibit A.  Frederick, Okla. Oct. 5, 1906.  February 25, 1907, after date, for value received, we promise to pay to First State Bank of Davidson, or order, six hundred eighty six & 96-100 dollars, at First National Bank, Frederick, Okla. To bear interest at the rate of 12 per cent. per annum from date. And further agree that if this note is not paid when due to pay all cost necessary for collection, including ten per cent. for attorney fees.  Due February 25, 1907.  [Signed.]  C. J. Clingan, S. F. Cannon.  J. C. Whelchel."

First State Bank of Davidson v. Clingan et al.

Defendant S. F. Cannon answered by general denial, and for further defense alleged that the note sued on was not the note which he had signed; that it had been materially altered and changed since he had signed it; and set up the further defense that he was not liable on said note because of a promised release from liability on same by plaintiff through its cashier and agent.

The defendant J. C. Whelchel answered by way of general denial, and for further defense alleged fraud on the part of plaintiff in procuring his signature to said note and that his signature to same was procured by fraud, circumvention, and misrepresentation, setting out in his answer in what such fraud and misrepresentation consisted. The material features in which as alleged are that, when the note was presented to him for signature, it contained the name of S. F. Cannon as a surety, whereas in fact the said S. F. Cannon had been released from liability on said note by the plaintiff bank; the further misrepresentation that the money for which the note was executed was to be advanced to C. J. Clingan, the principal on the note, to buy feed for cattle, when in fact said note was not executed for such purpose, but was executed to secure overdrafts of said C. J. Clingan on plaintiff bank; and the further defense that at the time of the execution of said note the plaintiff, through its agent, promised and agreed to defendant Whelchel that it would procure a mortgage from Clingan on the cattle owned by Clingan to secure the payment of said note, and that said mortgage was never obtained against Clingan's cattle.

The defendant Clingan made no appearance or defense in the case. The case was tried at the November term, 1908. A default judgment was rendered against defendant Clingan, and the issues joined between the plaintiff and defendants Cannon and Whelchel were tried to a jury, resulting in a verdict in favor of the two defendants. Upon which verdict judgment was rendered by the court, and from which judgment and order overruling plaintiff's motion for new trial the cause is appealed here.

The plaintiff's petition in error contains eighteen separate assignments, the most material of which relate to the instruc-

tions given by the court and to the refusal of the court to give certain instructions offered by plaintiff.

*Robert E. Weathers* and *P. Mounts,* for plaintiff in error.

*W. E. Hudson,* for defendant in error S. F. Cannon.

*Wilson & Roe,* for defendant in error J. C. Whelchel.

Opinion by HARRISON, C. (after stating the facts as above). Inasmuch as the whole theory of the case and the instructions as a whole depend upon and are governed by the court's instruction No. 1, the giving of which instruction is assigned as error by plaintiff, and inasmuch as a determination of this assignment decides the case, it is useless to determine the less material assignments. The instruction complained of reads as follows: "The burden is upon the plaintiff to establish the facts entitling it to · recover herein by a preponderance of the evidence." As a general proposition of law this instruction is correct, but applied to the issues and facts herein it is not. The burden is always upon the plaintiff to prove the facts which entitle him to recover, but a proper application of this rule under the issues raised in the case at bar requires the aid of another equally well-settled rule—that one who interposes an affirmative defense must prove it. The burden of the whole case is upon the plaintiff, but, when a *prima facie* case is made and defendant seeks to meet same with an affirmative defense, the burden is not on the plaintiff to produce a preponderance of the evidence on that issue.

This suit was brought to recover on a plain promissory note in the ordinary form. The note is regular and valid on its face. The petition alleged its execution and delivery by the defendants for a valuable consideration, and the defendants admitted the execution of same, but alleged fraud in procuring the signatures thereto—Cannon alleging an alteration of the instrument since he had signed it, and further alleging that he had been released from liability by the agent of plaintiff; Whelchel that his signature to the note had been procured upon the representation that

Cannon was a surety thereon when in fact Cannon had been released from liability on same, and alleging that as a further inducement plaintiff promised to obtain a mortgage on Clingan's cattle, which promise was not fulfilled. Upon this condition of the issues the instruction complained of had the effect of placing the burden upon the plaintiff to overcome by a preponderance of the evidence the issues of fraud and alterations in the instrument.

This is clearly against the well-settled rule of law that one who pleads fraud as a defense to a written contract must assume the burden of proof of the fraud alleged. *Barteldes Seed Co. v. Border Queen Mill & Elevator Co.,* 23 Okla. 675, 101 Pac. 1130; *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610; *Case Threshing Machine Co. v. Peterson,* 51 Kan. 713, 33 Pac. 470; *Bank of Little Rock v. Frank,* 63 Ark. 16, 37 S. W. 400, 58 Am. St. Rep. 65; *Truett v. Onderdonk,* 120 Cal. 581, 53 Pac. 26; *Montgomery v. Crossthwait,* 90 Ala. 553, 8 South. 498, 12 L. R. A. 140, 24 Am. St. Rep. 832.

The force and effect of the foregoing instruction was not modified by the court's charge as a whole, nor by any separate paragraph of same. The plaintiff offered the following instruction, which in our opinion substantially states the law applicable:

"You are instructed that the law of this case is as follows: That the burden of proving fraud in the procuring the execution of the note, if any, or the release of the defendants as sureties upon said note, is upon the defendants, and they must establish this fact by a preponderance of the testimony before they could be released as sureties thereon for such reasons."

This instruction was refused by the court. The giving of instruction No. 1 by the court, and the refusal of the court to give the above instruction, had the effect of placing upon the plaintiff a burden not imposed by law. As to whether there was merit in the defense made by Cannon and Whelchel is not for us to say. But when they interposed such defense they assumed the burden of maintaining same.

For these reasons, the judgment should be reversed, and the cause remanded.

By the Court: It is so ordered.