## W. P. MILES *et al.* v. STATE.

No. 2245.    Opinion Filed May 1, 1915.

1.    COURTS—Transfer of Causes — Misdemeanor—Indictments. The statute provides that in the transfer of indictments for misdemeanor from district courts to inferior courts having jurisdiction of the offense charged, the clerk of the district court shall deliver the indictment, together with all the papers relating to each case to the proper court or justice, as directed in the order of transfer, and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court. (Section 5552, Rev. Laws 1910.) **Held,** that as the statute prescribes no particular form of certificate to such transfer a substantial compliance with its provisions is all that is required in such proceedings.

2.    APPEAL—Record—What Constitutes. The original indictment and its indorsements constitute a necessary part of the record, and whatever is properly shown by them is considered as shown by the record.

3.    INDICTMENT AND INFORMATION—Regularity of Return—Record. Where an indictment recites that it is presented by the grand jury, and it is properly signed by the county attorney, indorsed ''A true bill' by the foreman, and indorsed, ''presented in

open court by the foreman of the grand jury in the presence of the grand jurors, and filed in open court, signed by the clerk and filed by the clerk, it will be presumed, in an absence of a showing to the contrary, that it was duly returned in open court, notwithstanding that no entry of the fact is made upon the minutes of the journal of the court.

(Syllabus by the Court.)

*Appeal from County Court, Tulsa County;*
*Conn Linn, Judge.*

W. P. Miles and Bob Miles were convicted of a violation of the prohibitory law, and appeal. Affirmed.

*Luther James,* for plaintiffs in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiffs in error were prosecuted by indictment returned by the grand jury into the district court of Tulsa county and transferred to the county court of said county, wherein they were charged with the unlawful sale of three bottles of beer to one Joe Horrigan. Upon their trial the jury returned a verdict of guilty and fixed the punishment of each defendant at six months confinement in the county jail and a fine of $500. From this judgment the defendants appealed by filing in this court on April 25, 1914, a petition in error with case-made. The only witness who testified on the trial was Joe Horrigan. He testified that on the 7th day of October he went up into the Metropolitan Hotel and was there several times during the day, and there purchased three bottles of beer. That while there he had a difficulty with one Vanhite and another man; that Vanhite pulled a gun and W. P. (Billy) Miles was sent for. Horrigan told Miles he should discharge the two men. Miles said he wouldn't do it; he further said he had an interest in the place and did not want to have any trouble there, and that Horrigan was as much at fault as the other men. The next morning after the trouble Bob Miles called Horrigan by telephone and made an engagement with him; he then saw Horrigan and offered him

one hundred dollars if he (Horrigan) would drop the matter, saying that he had an interest in the place and was just getting started and would rather give a hundred dollars than to have the matter brought up in court. About a week later W. P. (Billy) Miles met Horrigan and offered to repay him the money which he (Horrigan) had lost in gambling there.

Upon arraignment the defendants entered a plea to the jurisdiction of the county court to hear and determine the said indictment. The overruling of the plea to the jurisdiction is assigned as error. The contention of plaintiffs in error's counsel is stated as follows:

"We maintain that the transfer to the county court was not made according to section 5552, Rev. Laws 1910, inasmuch as the order attempting to transfer the said indictment does not show that the orders embraced in the transfer were lodged with or filed in the minutes of the office of the clerk of the district court; that the orders do not show the names of these defendants, or any crime of which they are charged with committing; or from what court the numbered case attempted to be transferred came. It does not show in the record whether it came from the district court or elsewhere, and the certificate of the judge does not show that it contains all the proceedings had in said case in the district court."

The certificate of the clerk of the district court is as follows:

"I, W. W. Stucky, clerk of the district court in and for Tulsa county, Oklahoma, do hereby certify that the above and foregoing is a full, true and correct transcript of the record, together with the original indictment and bill of costs in the above numbered criminal case.

"In witness whereof, I have hereunto subscribed and caused the seal of said court to be affixed this 19th day of December, 1913.

"W. W. STUCKY,
"Clerk of the District Court." .

The statute provides that in the transfer of indictments for misdemeanor from district courts to inferior courts having jurisdiction of the offense charged, the clerk of the district court shall deliver the indictment, together with all the papers relat-

ing to each case to the proper court or justice, as directed in the order of transfer, and shall accompany each case with a certified copy of all the proceedings taken therein in the district court, and also with a bill of the costs that have accrued therein in the district court. Section 5552, Rev. Laws 1910.

An examination of the record shows that the transfer of said indictment from the district court to the county court was made in substantial compliance with the requirements of the statute. *Taylor v. State,* 5 Okla. Cr. 183, 114 Pac. 628.

Nor is there any merit in the contention that the failure to name the defendant in the order transferring the case to the county court renders such order of no legal effect. *Eakins v. State,* 7 Okla. Cr. 351, 123 Pac. 1035. Nor is there any merit in the contention that "It does not show in the record whether it came from the district court or elsewhere," since the indictment and its endorsements show from what court the indictment was transferred.

In *State v. Jolly,* 5 Okla. Cr. 301, it is said:

"Under the provisions of our criminal code, it is not the duty of the clerk to make an entry upon the minutes or journal of the court of the return of an indictment. It is the clerk's duty to note on the indictment that it was presented in open court by the foreman of the grand jury, in their presence, to the court and to file it, and when so filed the original indictment, with all its endorsements, becomes a part of the record of the case, and whatever is properly shown by the caption and the endorsements is considered as shown by the record."

The indictment shows that it was returned to the district court of Tulsa county. It is signed: "Pat Malloy, county attorney," and indorsed: "A true bill. W. H. Hendren, foreman of the grand jury. Presented in open court by the foreman of the grand jury in the presence of the grand jury and filed December 8, 1913. W. W. Stuckey, clerk of the district court, Tulsa county, Oklahoma."

The plea to the jurisdiction was properly overruled.

Error is assigned upon the action of the court in refusing to give two requested instructions concerning the criminal re-

sponsibility of the defendants for the sale made by negro porter. The court gave one of these instructions, which is as follows:

"The court instructs the jury that although they may believe from the evidence that the defendants Billy Miles and Bob Miles, or either of them, owned or had an interest in the place where the sale took place, yet they cannot find the defendants or either of them guilty unless they further believe beyond a reasonable doubt that they either participated in the sale of the beer as testified by the witness Horrigan, or had an interest in the sale of the same, and if they have a reasonable doubt upon this question they should find the defendants, or the one to whom they may entertain such reasonable doubt, not guilty. Given, Conn Linn, Judge."

This instruction was as favorable as the defendants had any right to request and the court very properly refused to give the other requested instruction. It is also insisted that the evidence is insufficient to sustain the verdict. The admissions of ownership and the exercise of control over the "joint" are undisputed and make the defendants responsible for the sale made therein by their negro porter.

In the course of his closing argument the county attorney said in substance: "You want to put Billy and Bob Miles in jail for six months." Counsel for the defendants objected to this language as improper. Continuing, the county attorney said: "You will do less than your duty if you give them less than the maximum of a $500 fine and six months in jail." Counsel again objected and reserved exceptions. It is insisted that the language used was improper and prejudicial, in that it was calculated to unduly influence the jury in assessing the punishment.

The remarks of counsel must be considered in connection with the evidence, and, so considered, it is doubtful if they were objectionable. No error appearing in the record, the judgment of the county court herein is affirmed.

FURMAN and ARMSTRONG, JJ., concur.