## LENA ISAAH v. STATE.

No. A-4026.    Opinion Filed July 26, 1923.
(216 Pac. 950.)

(Syllabus.)

1. **Indictment and Information—When Charging Offense in Language of Statute Insufficient.** The information must contain a statement of the acts constituting the offense, and it is not sufficient to charge the offense in the words of the statute, when the particular circumstances of the offense charged are necessary to constitute a complete offense.

2. **Same—Information Charging Keeping Disorderly House.** The information charged that defendant did "commit the crime of keeping a disorderly house in the manner and form as follows: That is to say, the defendant did in said county and state, at the

above-named time and place, wilfully and unlawfully keep a disorderly house." . Held, the information does not state facts sufficient to constitute a public offense.

Appeal from County Court, Pontotoc County; Tal Crawford, Judge.

Lena Isaah was convicted of keeping a disorderly house, and she appeals. Reversed.

King & Crawford, for plaintiff in error.

The Attorney General, and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of the county court of Pontotoc county, rendered in pursuance of a verdict convicting Lena Isaah of the offense of keeping a disorderly house, and fixing her punishment at confinement for 30 days in the county jail and a fine of $50.

Omitting parts purely formal, the information charges that Lena Isaah, did commit "the crime of keeping a disorderly house in the manner and form as follows: That is to say, the defendant did, in said county and state, at the above-named time and place, wilfully and unlawfully keep a disorderly house in the north part of Ada, Pontotoc county, Okla., contrary," etc.

Defendant interposed a demurrer on the ground that the information does not state facts sufficient to constitute a public offense, which demurrer was overruled and exception allowed.

While, as a general rule, it is sufficient to charge a statutory offense in the language of the statute, there are exceptions to the rule.

Bishop says:

"The criminal nature and degree of the offense must 'ap-

pear in allegation,' also the particular facts and circumstances which render the defendant guilty of that offense." 1 Bishop's Crim. Proc. par. 625; Weston v. Territory, 1 Okla. Cr. 407, **98** Pac. 360: Sletcher v. State, 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; Abrams v. State, 13 Okla. Cr. 11, 161 Pac. 331; Wilcox v. State, 13 Okla. Cr. 599, 167 Pac. 74; Cole v. State, 15 Okla. Cr. 361, 177 Pac. 129.

A house in which people abide and disturb the order and tranquility of the neighborhood is a "disorderly house," and such facts should be alleged in an information charging the keeping of a disorderly house.

It follows that the court erred in overruling the demurrer to the information. The judgment is accordingly reversed, and the cause remanded, with direction to sustain the demurrer.

MATSON, P. J., and BESSEY, J., concur.