L. E. WILLIAMS v. STATE.

No. A-8287. April 23, 1932.
(10 Pac. [2d] 731.)

Gill & Caldwell, for plaintiff in error.

The Attorney General, for the State.

DAVENPORT, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of the crime of maintaining a public nuisance, and his punishment fixed by the jury at a fine of $500 and imprisonment in the county jail for a period of six months.

Defendant complains that the court erred in giving the following instruction to the jury:

"You are further instructed that evidence of a former raid and arrest of the defendant is admissible solely for impeachment purposes and if you find that such evidence impeaches or tends to impeach the defendant, then, and in that event, you may consider it for that purpose only. In this connection, however, you are instructed that you cannot convict the defendant upon the testimony of a former raid and arrest."

In Mitchell v. State, 2 Okla. Cr. 442, 101 Pac. 1100, this court said:

"It is error for the trial court to single out the accused, and instruct the jury upon the credibility of his evidence. The accused, in respect to his evidence, should be treated in the court's charge in the same manner as other witnesses in the case."

This rule was followed in Clark et al. v. State, 4 Okla. Cr. 368, 111 Pac. 659; Heacock v. State, 4 Okla. Cr. 606, 112 Pac. 949; Peck v. State, 5 Okla. Cr. 104, 113 Pac. 200; and Smith v. State, 5 Okla. Cr. 67, 113 Pac. 204.

The state, upon leave of court, withdrew the case-made

for correction, claiming that the record in the same was incorrect. It appears from the record that the instruction complained of was one of a number of stock instructions and was actually given by the court. In the light of the authorities above cited, trial courts should not give this instruction. Because the giving of the same was erroneous, the cause is reversed.

CHAPPELL and EDWARDS, JJ., concur.