## DEWEY COSTNER v. STATE.

No. A-8316.   May 21, 1932.
(11 Pac. [2d] 769.)

Hughes & Dickson, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error was convicted in the county court of Texas county of selling intoxicating liquor, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for a period of 90 days.

Defendant complains that the court erred in giving the following instruction:

"You are further instructed that the court has permitted certain testimony to go before you introduced by the state for the purpose of impeaching the evidence of the defendant, and in this connection you are instructed that such evidence may be considered by you for the purpose of determining the credibility of the defendant as a witness, but such testmony is no evidence whatever of the defendant's guilt."

This court has uniformly held that it is reversible error for the trial court to single out the accused and instruct upon the credibility of his evidence. Mitchell v. State, 2 Okla. Cr. 442, 101 Pac. 1100; Clark v. State, 4 Okla. Cr. 368, 111 Pac. 659; Heacock v. State, 4 Okla. Cr. 606, 112 Pac. 949; Peck v. State, 5 Okla. Cr. 104, 113 Pac. 200; Smith v. State, 5 Okla. Cr. 67, 113 Pac. 204; Williams v. State, 53 Okla. Cr. 285, 10 Pac. (2d) 731.

Because of the error of the court in giving the instruction complained of, the cause is reversed and remanded.

EDWARDS, J., concurs. DAVENPORT, P. J., absent, not participating.