**J. C. PRATT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**
**No. M–79–699.**

Court of Criminal Appeals of Oklahoma.

March 4, 1982.

Rehearing Denied April 9, 1982.

Loren McCurtain, McAlester, for appellant.

Jan Eric Cartwright, Atty. Gen., Michael Scott Fern, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant was convicted for Keeping a Disorderly House pursuant to 21 O.S.1971, § 1026, in the District Court of Pittsburg County, Case No. M–79–463. He was sentenced to six (6) months' imprisonment and a five hundred dollar ($500.00) fine.

The sole proposition asserted on appeal claims that the statute upon which the appellant was convicted is unconstitutionally vague. 21 O.S.1971, § 1026 provides:

> Every person who keeps any disorderly house or any house of public resort by which the peace, comfort, or decency of the immediate neighborhood is habitually disturbed, is guilty of a misdemeanor.

The appellant contends that the terms "peace, comfort or decency" are subject to multiple definitions and render the statute unconstitutionally vague and totally incomprehensible to a person of ordinary intelligence.

A criminal statute is void only when it is so vague that men of common

intelligence must necessarily guess at its meaning. See *State v. Madden*, 562 P.2d 1177 (Okl.Cr.1979). Further, a criminal statute requires only reasonable certainty and the prohibited act may be characterized by a general term without the aid of definition, if that term has a settled and commonly understood meaning which doesn't leave a person of ordinary intelligence in doubt. This is true even though the definition of the term contains an element of degree whereby reasonable men may differ. *Synnott v. State*, 515 P.2d 1154 (Okl.Cr.1973). When we apply the foregoing standard to the statute in question, we are of the opinion that the statute is not so vague as to be violative of due process.

In *Isaah v. State*, 24 Okl.Cr. 174, 216 P. 950 (1923) a "disorderly house" was defined as "[a] house in which people abide and disturb the order and tranquility of the neighborhood."

In the case at bar, witnesses testified that as neighbors, they were subjected to or confronted with loud and raucous music, public drunkenness, urination in public, fist fights, shouting of obscenities and automobile racing.

It cannot be said that these activities, emanating from or associated with the occupants or guests of the appellant's residence did not in fact breach or disturb the peace or tranquility of the neighborhood as contemplated by 21 O.S.1971, § 1026 or that a person of ordinary intelligence would not know in advance that these activities are prohibited.

It is therefore the opinion of this Court that the judgment and sentence should be affirmed.

BUSSEY, J., concurs.

CORNISH, J., not participating.