## M. C. SIMMONS v. STATE.

No. 98.    Opinion Filed June 3, 1909.

(101 Pac. 1102.)

**INTOXICATING LIQUORS—Illegal Sale—Indictment—Names of Purchasers.** An information charging a single sale of intoxicating liquors to "divers persons" is bad for uncertainty. The information should aver to whom the sale was made; and, if the person, or persons to whom such sale was made are unknown, that fact should be averred.

(Syllabus by the Court.)

*Error from Muskogee County Court; W. C. Jackson, Judge.*

M. C. Simmons was convicted of an unlawful sale of intoxicating liquors, and appeals. Reversed and remanded.

The plaintiff in error, hereinafter referred to as the accused, was prosecuted in the county court of Muskogee county, on an information charging that he, on the 29th day of November, 1907, "unlawfully did sell one pint of intoxicating liquor to divers persons, contrary to the statute, and against the peace and dignity of

the state of Oklahoma." The accused demurred to the information, alleging that said information does not state facts sufficient to constitute an offense against the state of Oklahoma, that the court has no jurisdiction of the subject-matter of the offense charged, and that the information does not set forth the name of the person, or persons, to whom the liquor was sold. This demurrer was overruled, to which the accused saved an exception. Trial was had on the 11th day of January, 1908, which resulted in a verdict of guilty. Accused filed his motion for a new trial, setting up that the verdict is contrary to the evidence, and contrary to the law, and contrary to the evidence and the law; that the court erred in the instructions given to the jury. This motion was overruled, to which the accused excepted. The court rendered judgment upon the verdict, sentencing the accused to pay a fine of $50 and the costs of prosecution, and that he be confined in the county jail of Muskogee county for a period of 30 days, to which judgment the accused excepted. To reverse said judgment this appeal is prosecuted.

*M. G. Bailey,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

BAKER, JUDGE. (after stating the facts as above). The petition in error contains the following assignments: That the court erred in overruling the demurrer of accused, in the instructions to the jury, and in overruling the motion of accused for a new trial. Having carefully examined the record in this case, this court is of opinion that the trial court erred in overruling the demurrer to the information, for the reason that the information does not state the name of the person to whom the alleged unlawful sale of intoxicating liquor was made, and does not aver that the name of such person is unknown to the prosecution, and therefore not set forth. The information charges that the sale was made to "divers persons." This form of pleading is bad, for the obvious reason that the accused is not properly advised of the charge against him with such particularity as to enable him to

prepare and make an intelligent defense. This proposition is fully discussed and decided by this court in *Weston v. Territory*, 1 Okla. Cr. 407, 98 Pac. 360, *Banks v. State*, 101 Pac. 610, *Fletcher v. State*, 101 Pac. 599, *Weber v. State*, 101 Pac. 355, and *Mitchell v. State*, (the latter four cases reported in this volume) 101 Pac. 1100. The doctrine clearly established by this court is this: An indictment or information, charging a single sale of intoxicating liquor, must allege the name of the person or persons to whom such sale was made. If the names of such persons are unknown, then this fact must be stated. The trial court in the case at bar therefore committed prejudicial error in not sustaining the demurrer of the accused, for the reason that the information does not give the names of the "divers persons" to whom sales were made. The charge in the case is the same (*verbatim*) as the charge in the case of *Mitchell v. State*, tried in the same court, and decided by this court at the present term, in which all the questions raised by the record in the case at bar are fully passed upon and determined. This court, therefore, deems it unnecessary to do more than refer to the Mitchell Case, *supra*, in disposing of this case.

For the reasons herein stated, and the additional reasons set forth in said Mitchell Case, the judgment of the trial court must be reversed and remanded.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.