## ISPARHECHER STEVENS v. STATE.

No. A-5142. Opinion Filed July 23, 1925.
(238 Pac. 216.)

A. L. Emery and A. W. Whitfield, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that on August 14, 1923, the defendant, Isparhecher Stevens, and Eli McNeal did transport intoxicating liquors from some place unknown to the 700 block, East Fifth street, in the city of Okmulgee. On the trial the jury returned two verdicts—one finding the defendant Eli McNeal not guilty; the other finding the defendant "Isparhecher Stevens guilty of transporting intoxicating liquors as charged in the information herein, and fixing his punishment at confinement in the county jail for a term of 30 days and a fine of $100."

To reverse the judgment he appeals, and assigns as error that the verdict is contrary to law and that the evidence is insufficient to sustain his conviction.

The sole witness for the state, O. H. Parks, testified as follows:

"I was with the Okmulgee police department. It was after dark, about 9 o'clock, when I first saw these two boys. They turned off Fifth street and onto Creek, going north; Eli McNeal was driving, and Stevens was in the car with him; Eli was pretty well intoxicated and Stevens was in the same condition. I found a tow sack in the car which contained a broken jug and a bottle of whisky. The car was going from the depot. I heard somebody tell Eli to stop; I would not say it was Stevens; I had to strike Eli to stop him."

The testimony of the defendant, Stevens, in his own behalf is as follows:

"I was over there by the store, and Eli came along drunk. I says, 'You are a friend of mine, don't you want me to help you home?' and I got in to help him

home. He turned into Fifth street instead of going on to Fourth. About that time Mr. Parks came up. I told Eli to stop the car; he kept on, and I grabbed the wheel. By that time Mr. Parks was on the car and struck him on the head. Mr. Parks said, 'You ought to have stopped when Stevens told you to stop.' I didn't know that there was whisky in the car. I was not drunk, and did not drink a drop of liquor that day."

Jim Nance testified:

"I saw the defendant, Eli McNeal, when he drove up by Ogg's store. He looked like he was drunk. I went to him and said, 'What is the matter with you?' He said, 'Are you going to arrest me?' I said, 'No; I won't do that, Eli. You go home, or the first thing you know you will be in jail.' He said he would. It was between 8 and 9 o'clock in the evening, Stevens was not in the car with him at that time."

The defendant, Eli McNeal, testified:

"That he quit work at 6 o'clock that day. Stokes came by and asked him to take him home; he said to go by Stevens, and he would go with us. Stokes' house is about a mile north on the Beggs road, two miles west and then south about a mile, and then two miles through a field across the river, and he drove there. Stevens had a jug in a sack and put it in the car. That he did not have a nickel's worth of interest in it. Stevens had a bottle that he filled out of the jug, and he drank some out of that. That when he saw the officers he didn't know whether to stop or not, and they said stop and jumped on the car and hit him on the head. That on their way back Stevens was so drunk that he fell in the river, and they had to cross in a boat."

The defendant, Stevens, recalled, testified that he never went out to Stokes' place and did not know where Stokes lived.

One who knowingly carries in his car intoxicating liquor, belonging to and in custody of another person in the car, is guilty of unlawfully transporting such liquor.

Under this rule the defendant, Eli McNeal, on his own testimony, is guilty as charged, and was therefore an accomplice, even though the jury returned a verdict of not guilty. There was no proof other than his testimony that Stevens had possession or control over the sack and its contents found in his car. One riding in a car in which intoxicating liquor was being transported on invitation of the driver, having no control over the car or liquor, and not concerned in its transportation is not guilty of unlawfully transporting intoxicating liquor.

One cannot be convicted upon the uncorroborated testimony of an accomplice; but the testimony of an accomplice must be corroborated by such evidence as in itself, and without the aid of the testimony of the accomplice, tends in some degree to connect the defendant with the commission of the offense. Martin v. State, 12 Okla. Cr. 510, 159 P. 940. Tested by an inflexible rule of law (section 2701, C. S. 1921) the testimony of the codefendant in this case cannot support a conviction.

It follows that the defendant's motion for a new trial should have been granted, and that the judgment appealed from must be reversed.

BESSEY, P. J., and EDWARDS, J., concur.