## W. A. PECK v. STATE.

No. A-7184.   Opinion Filed March 21, 1931.
(297 Pac. 323.)

King & Crawford, Trice & Davison, and J. F. McKeel, for plaintiff in error.

J. Berry King, Atty. Gen., and W. C. Lewis, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Pontotoc county of the crime of altering and falsifying a public record, and his punishment fixed by the jury at imprisoment in the state penitentiary for 30 days.

The evidence of the state was that the defendant was county clerk of Pontotoc county; that the board of county commissioners of said county entered into a written contract with one O. S. Deal to act as delinquent tax collector for said county for a period of two years; that this contract was duly approved and signed by the county commissioners and filed in the office of the county clerk; that the minutes of the board of county commissioners made at the time the contract was entered into recited that the contract was for two years; that Deal gave bond in the sum of $5,000 for the term of two years and filed said bond with the county clerk; that thereafter the board of county commissioners entered into a contract with one C. A. Tucker, a brother-in-law of the defendant, as tax collector; that thereafter the defendant exhibited this contract with Tucker to Mrs. Noble Johnson, who was at that time em-

ployed as a deputy in the defendant's office; Mrs. Johnson . stated defendant directed her to erase the word "two" in the minutes of the board of county commissioners and change the same to "one," thus making the record read a contract for one year instead of two; that defendant then took the written contract between Deal and the county commissioners and told Mrs. Johnson that, if she was asked about it, she was to say she did not know what became of it; that thereafter this record was further altered by taking the letter "s" from the word "years" in the same record and making this singular to correspond with "one"; that these erasures and alterations were made by Mrs. Johnson under the directions and orders of the defendant; that she had no interest in any contract and no reason to make the same except to act in her clerical capacity on the orders of her superior officer; that defendant told this witness at the time the erasures and alterations were made that his brother-in-law would have a profit of $10,000 out of the deal. Defendant denied any knowledge of the contract or particular knowledge of the record claimed to have been falsified or altered, and denied that he ever gave Mrs. Johnson orders to make the changes.

The defendant contends first that the evidence is insufficient to support the verdict of the jury, because Mrs. Johnson, the witness who testified directly to the alteration of the record, was an accomplice, and that she was not corroborated. The evidence is voluminous, and it would serve no good purpose to set it out here.

It is urged by the defendant that the testimony in this case is insufficient to sustain a conviction, for the reason that Mrs. Noble Johnson is an accomplice, and that there was no testimony corroborating the testimony of the accomplice.

We have gone through the record with a great deal of care and find several witnesses testified as to facts showing the making of the contract and filing of same with the county clerk, but we fail to find any testimony corroborating Mrs. Johnson as to the defendant directing her to make the erasures and changes in the contract as alleged in the information.

Section 2701, C. O. S. 1921, reads as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The state contends that the witness Johnson was not an accomplice of the defendant in falsifying the record, and for that reason it is not necessary that her testimony be corroborated. With this contention we do not agree, as the record discloses that Mrs. Johnson was acting with the defendant in changing the record, and therefore was in law his accomplice. The question then to be determined by this court is the question as to whether or not there is any corroboration of the testimony of Mrs. Johnson.

In Cokely v. State, 28 Okla. Cr. 431, 231 Pac. 330, it is held:

"That the evidence of a self-confessed accomplice is insufficient to sustain a conviction."

In Kelley v. State, 31 Okla. Cr. 51, 236 Pac. 915, the court said:

"To allow a conviction to stand upon accomplice testimony, uncorroborated by other evidence, tending to connect the defendant with the commission of the offense, would be in direct violation both of the letter and spirit

of section 2556, C. S. 1921. The requirement in this respect cannot be satisfied by any amount of corroborative evidence which does not tend to connect the defendant with the commission of the offense charged."

In Stevens v. State, 31 Okla. Cr. 247, 238 Pac. 216, in the second paragraph of the syllabus, the court said:

"Under section 2701, C. S. 1921, one cannot be convicted upon the uncorroborated testimony of an accomplice; but the testimony of the accomplice must be corroborated by such evidence as in itself, and without the aid of testimony of the accomplice, tends in some degree to connect the defendant with the commission of the offense."

This court has repeatedly held that one cannot be convicted upon the uncorroborated testimony of an accomplice; that the testimony of an accomplice must be corroborated by such evidence as in itself, and without the aid of the accomplice, tends to connect the defendant with the commission of the offense.

We hold there is no corroborative testimony of the accomplice showing the defendant's connection with the falsifying the record. It follows that the defendant's motion for a new trial should have been granted, and the judgment appealed from must be reversed.

EDWARDS, J., concurs. CHAPPELL, J., dissents.