**Herman Eugene JONES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–341.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1978.

As Corrected Sept. 13, 1978.

Benjamin J. Curtis, Poteau, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION AND DECISION

BRETT, Judge:

This is an appeal from the District Court, Stephens County, Oklahoma, in Case No. CRF–77–224, for the offense of Feloniously Carrying a Firearm, After Former Conviction of a Felony. Appellant had previously been convicted in Stephens County District Court, Case No. CRF–72–76, for the offense of Burglary in the Second Degree. Appellant was tried by a jury, found guilty, and the jury fixed his punishment at three (3) years' confinement in the State penitentiary. From that judgment and sentence a timely appeal has been filed in this Court.

The facts briefly stated reveal that on September 30, 1977, appellant, who will hereinafter be referred to as the defendant as he appeared in the trial court, was apprehended on State Highway 7 near Duncan, Oklahoma, for the offense of Driving While Intoxicated. Defendant was alone in his vehicle when apprehended. Defendant removed himself from the vehicle and was taken to the rear of the vehicle near the Highway Patrol car. Insofar as no one accompanied the defendant, the arresting highway patrol officers conducted an inventory search of the vehicle, in accordance with Department of Public Safety policy, prior to releasing the vehicle to a wrecker

to be impounded. During the inventory search, a .357 Magnum, Dan Wesson Arms, Model W2 pistol was found in the trunk of the vehicle. Defendant was transported to the Stephens County jail where he was given a breathalyzer test, after having been properly advised of his *Miranda* rights and his right to decline the breathalyzer test. The result of the test reflected that defendant's blood alcohol content was 0.06%. As a result of the test, the charge was initially filed as Driving While Impaired. Subsequently, the instant charge of Carrying a Firearm, After Former Conviction of a Felony, was filed, and this conviction resulted.

Defendant's first proposition of error asserts that the motion to suppress the evidence of the pistol should have been sustained at the preliminary hearing, which was renewed again at the time of trial and was denied at trial. In his brief, defendant asserts that the inventory search consisted of an illegal search and seizure in violation of defendant's rights under the Fourth Amendment to the United States Constitution, and violated his rights under Article II, § 30, of the Oklahoma Constitution, as well as the statutes of the State of Oklahoma prohibiting unlawful search and seizure. Defendant cites numerous United States Supreme Court decisions and decisions of this Court applicable to the law of search and seizure. However, all of defendant's citations are misplaced insofar as this Court has previously upheld the inventory of an impounded vehicle, under *appropriate circumstances.* This Court first upheld the inventory search in *Bennett v. State*, Okl. Cr., 507 P.2d 1252 (1973). The following year, this Court again upheld the inventory search in *Fruit v. State*, Okl.Cr., 528 P.2d 331 (1974). In 1976, the United States Supreme Court upheld the inventory search of a vehicle under appropriate circumstances in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).

It is to be borne in mind that the defendant was apprehended on a State highway, late at night, and the decision was rendered to impound the vehicle. No other driver was available to take charge of the vehicle

when defendant was apprehended. We therefore find under the circumstances of this case the inventory search was proper and did not violate defendant's Fourth Amendment rights or his rights against illegal search and seizure under the Oklahoma State Constitution. Therefore, defendant's first proposition is denied.

Defendant's second proposition asserts that the trial court committed error when the State was permitted to reopen its case after the State had rested and defendant commenced to enter his demurrer to the evidence or his motion for a directed verdict. At the conclusion of a Jackson-Denno hearing concerning the testimony of defendant's former parole officer, when the court determined that the parole officer's testimony was not admissible, the State rested its case. Thereafter, defense counsel announced, "Your Honor, I would like to protect my record if I may." In the process, he commenced to enter a demurrer to the evidence when the prosecutor interrupted defense counsel and requested that the court permit him to reopen the State's case. Over defendant's objection, the court allowed the State to reopen its case when the testimony of the Stephens County Court Clerk was allowed concerning the former conviction of the defendant. This Court recited in *Crum v. State*, Okl.Cr., 383 P.2d 45, 50 (1963):

> "The cases of this Court are uniform in holding that permitting the case to be reopened for additional testimony is discretionary with the trial court and unless a clear abuse of such discretion appears, no question is presented for appeal. . . . " (Citation omitted)

See also, *Lewis v. State*, Okl.Cr., 458 P.2d 309 (1969). Therefore, defendant's second proposition is denied.

For this third and last proposition, defendant asserts that there was no competent evidence to sustain the verdict of the jury and that the verdict was, therefore, contrary to law. Defendant asserts under this proposition that:

> "The salient points, in considering whether there is sufficient evidence to support the jury verdict, are as follows:

> "1. The ownership of the vehicle [driven] by the Appellant was not established.

> "2. It was not established if the Appellant had knowledge of the gun in the trunk of the vehicle or if he should have had knowledge of the gun in the trunk of the vehicle.

> "3. It was not established the ownership of the gun or if the Appellant had ever touched the gun."

Title 21 O.S.1971, § 1283, provides the following:

> "It shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in an automobile, as a sawed-off shotgun."

In the application of the foregoing statute to the facts of the instant case, it would be immaterial as to whether or not the ownership of the vehicle was proved by the State. However, this Court takes notice of the fact that appellant also filed in the appeal, the transcript of the preliminary hearing in which it was proved that the vehicle was owned by defendant. Also, the jury did not believe defendant's testimony that he had no knowledge that the pistol was in the trunk of the car. Defendant's girl friend testified that she bought the pistol at defendant's request when he furnished the money for the purchase of the pistol. Defendant testified in his own behalf and stated that he did not know that the pistol was in the vehicle trunk. This was a question of fact for the jury to determine, and the jury resolved the matter against the defendant. Last, the ownership of the pistol was clearly proven by the testimony of defendant's girl friend, and therefore defendant's third proposition is without merit.

For the foregoing reasons and for the reason this Court fails to find any error sufficient to cause a reversal of this conviction, the sentence and judgment is, hereby, *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.