Edward Eugene **SHIPMAN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–78–352.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1982.

Garvin A. Isaacs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert W. Cole and Reta M. Strubhar, Asst. Attys. Gen., Oklahoma City, for appellee.

OPINION

CORNISH, Judge:

On April 13, 1977, the appellant spent the afternoon drinking beer and playing pool at the Eagle Nest Bar in Oklahoma City with John Chavez and Ernest Chavez. After the pool game, Ernest Chavez threatened to kill the appellant. The appellant returned to the bar later that evening with a shotgun and killed John and Ernest Chavez.

Shipman was convicted by a jury of two counts of Manslaughter in the First Degree

and sentenced to serve two consecutive forty (40) year prison terms.

## I

The appellant claims that the trial court should have sustained his motion to exclude the public, media, and witnesses during the testimony of several defense witnesses. The appellant asserts that closure was required to protect the defense witness from harassment and physical harm.

In support of his motion to exclude the public from the courtroom the appellant called five witnesses. Each witness testified that he was reluctant to testify at trial. Several of the witnesses testified that they feared reprisals from the Chavez family if they were to testify. The trial judge, after conducting the evidentiary hearing on the propriety of the closure, ruled that the public's interest in an open trial was paramount.

The Supreme Court in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (plurality opinion), addressed the defendant's right to exclude the public from a criminal trial. The Supreme Court held that "[a]bsent an overriding interest articulated in findings, the trial of a criminal case must be open to the public." In each case, the trial court must balance the defendant's rights to a fair trial against the right of the public to view a criminal trial.

In *Gannett Co., Inc. v. De Pasquale*, 443 U.S. 368, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979), the Supreme Court articulated that:

"While the Sixth Amendment guarantees to a defendant in a criminal case the right to a public trial, it does not guarantee the right to compel a private trial. 'The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.' *Singer v. United States*, 380 U.S. 24, 34, 85 S.Ct. 783, 790, 13 L.Ed.2d 630 ...

"There can be no blinking the fact that there is a strong societal interest in public trials. Openness in court proceedings may improve the quality of testimony, induce unknown witnesses to come for-

ward with relevant testimony, cause all trial participants to perform their duties more conscientiously, and generally give the public an opportunity to observe the judicial system."

In *Richmond*, the Supreme Court traced the history of public trials from before the days of the Norman Conquest. It concluded that criminal trials have long been presumptively open under our system of justice. An open trial assures that the proceedings are conducted fairly, they "discourage perjury, the misconduct of parties and witnesses, and decisions based on secret bias or partiality." *Richmond, supra*, 448 U.S. 555, 100 S.Ct. at 2823, 65 L.Ed.2d 973. Additionally, the public trial serves an important function of providing an outlet for community concern, hostility, and emotion. "To work effectively it is important that society's criminal process 'satisfy the appearance of justice,' and the appearance of justice can best be provided by allowing people to observe it." *Supra*, 448 U.S. 555, 100 S.Ct. at 2825, 65 L.Ed.2d 973.

■ We acknowledge, however, that this strong preference for public trials does not preclude a limited closure from the public when there is a clear need to protect a witness from harassment, embarrassment, or physical harm. *United States v. Hernandez*, 608 F.2d 741, 747 (9th Cir. 1979); *see also United States v. Powers*, 622 F.2d 317 (8th Cir. 1980).

■ In this case, we find that the record fully supports the trial judge's refusal to close the appellant's criminal trial to the public. The public's interest in viewing the trial outweighed the appellant's interest.

## II

The appellant next asserts that remarks by the trial judge directed at defense counsel deprived him of a fair and impartial trial. He contends that the trial judge reprimanded defense counsel in the presence of the jury, when he stated:

'We are going to take about a fifteen minute recess, members of the jury, in order that I can straighten this out and

we'll move along a little more smoothly when we come back.'

■ This Court has long held that a trial judge's reprimand of defense counsel in the presence of the jury can have a great impact on the jury. Therefore, if counsel's conduct is improper the trial judge must excuse the jury before reprimanding counsel. *Garrett v. State,* 74 Okl.Cr. 78, 128 P.2d 283 (1948); *Kelley v. State,* 31 Okl.Cr. 51, 236 P. 915 (1925).

■ After reviewing the record, we find that the trial judge's comments were directed at both defense counsel and State counsel. The trial judge was merely trying to expedite the proceedings. There is no evidence that he on any occasion personally rebuked or criticized defense counsel in the presence of the jury. *Warner v. State,* 568 P.2d 1284 (Okl.Cr.1977).

### III

The appellant further asserts that the trial judge did not maintain "cold neutrality" throughout the trial. He principally claims that during *voir dire* the trial judge interjected his biases and prejudices as to deprive the appellant of a fair trial. There is no question that a trial judge must remain neutral at every stage of the criminal proceedings. In *Hattensty v. State,* 369 P.2d 466 (Okl.Cr.1962), this Court restated:

'Basically, trial judge in trial of a criminal case is referee or umpire of a contest between two opposing sides... He has to decide points of law, rule on admissibility of evidence and maintain decorum, he is to instruct jury upon all material issues of law, ... he should refrain with diligence in becoming prosecutor or defense counsel, he should never invade province of jury, and he should not intimate his feelings in matter by acting, innuendo or remarks.' [Quoting *Reed v. State,* 335 P.2d 932 (Okl.Cr.1958).]

However, it must also be recognized that the trial judge may participate in *voir dire.* Rule Six of the Rules of the District Court provides:

The judge shall initiate the voir dire examination of jurors by identifying the parties and their respective counsel. He may briefly outline the nature of the case, the issues of fact and law to be tried, and *may then put to the jurors any questions which he thinks necessary touching their qualifications to serve as jurors* in the cause on trial. The parties or their attorneys shall be allowed a reasonable opportunity to supplement such examination. Counsel shall scrupulously guard against injecting any argument in their *voir dire* examination, shall avoid repetition, shall not call jurors by their first names or indulge in other familiarities with individual jurors, and shall be fair to the court and opposing counsel. Title 12 O.S.Supp.1980, Ch. 2, App., Rule 6. (Emphasis added.)

■ In this case, we do not find that the trial judge, through his method of *voir dire* examination, displayed any bias or prejudice toward either side. The record clearly establishes that the judge remained neutral in his efforts to preside over the proceedings.

The appellant also contends that the trial court improperly limited his scope of *voir dire* examination. We have held that the "extent to which *voir dire* examination may be pursued is largely within the sound discretion of the trial court and, except in a clear case of abuse, the ruling of the trial court will not be disturbed." *Palmer v. State,* 532 P.2d 85 (Okl.Cr.1975). The trial transcript reveals that the appellant was permitted to conduct an extensive *voir dire* examination. He was allowed to fully examine the biases and prejudices of each juror. We hold that the trial court did not abuse its broad discretion in conducting the *voir dire* examination. This Court also finds that the appellant was not prejudiced during the *voir dire.*

### IV

The appellant complains that the trial court improperly limited the scope of his opening statement. The following dialogue transpired during the appellant's opening statement.

MR. ISAACS: He will tell you that in the penitentiary was an old friend of his, an

acquaintance of his, Mr. John Chavez and that in the penitentiary we have homosexual conduct and that the code in the penitentiary is—

MR. McKINNEY: If the Court please, this is highly improper.

THE COURT: Just a minute. This is sustained. That will not yet be admissible. We'll see later but please refrain from it right now.

MR. ISAACS: Which part?

THE COURT: That part about the prison. You may proceed.

MR. ISAACS: Mr. Shipman will tell you the homosexual conduct—

THE COURT: The whole thing.

■■■ An opening statement is to inform the jury about the facts that each side intends to prove. Its primary purpose is to aid the jury in understanding the testimony presented at trial. *Hobbs v. State*, 435 P.2d 181 (Okl.Cr.1967). The trial court, in its informed discretion, may control the scope of the opening statement. In this case, we find that the trial judge was acting within his discretion by excluding defense counsel's comments on the problems of homosexuality in prisons. These comments could have been viewed by the trial judge as irrelevant to the issues at trial and likely to confuse the jury. Therefore, we find the appellant's contention to be without merit.

## V

■■■ The appellant asserts that several instances of misconduct by the prosecutor constituted reversible error. We find that only one remark by the prosecutor has been properly preserved on appeal. Only errors presented in the motion for new trial and petition in error will be considered on appeal, provided the error is not fundamental. *Hawkins v. State*, 569 P.2d 490 (Okl.Cr. 1977). In this case, the alleged errors were not fundamental, as to have denied the appellant a fair trial. Therefore, this Court will not address the alleged errors omitted from the appellant's motion for new trial, and thereby not submitted to the trial court for its review. *Kennamer v. State*, 59 Okl.Cr. 146, 57 P.2d 646 (1936).

■■■ We now turn our attention to the alleged prosecutorial misconduct which is properly before this Court. It is argued that the prosecutor improperly cross-examined the appellant about a prior conviction. He claims that the prosecutor attempted to arouse the passions and prejudices of the jury when he questioned the appellant about having cut a woman around the mouth with a broken bottle. This questioning by the State was in response to the appellant's testimony that he had been previously convicted of assault and battery with a dangerous weapon.

Cross-examination as to prior convictions is allowed for the purpose of impeaching a defendant's credibility. Inquiry, however, is limited to prior convictions of felonies or any crime involving dishonesty or false statement. Title 12 O.S.Supp.1980, § 2609. In this case, the prosecution limited his inquiry to the place and nature of the prior conviction. We find that the State did not place undue emphasis on the conviction, nor is there any indication that the appellant was prejudiced from the inquiry. *Peters v. State*, 586 P.2d 749 (Okl.Cr.1978).

## VI

■■■ The appellant next complains that the trial court's threat to hold defense counsel in contempt denied him effective assistance of counsel. At trial the following conversation transpired:

MR. ISAACS: Your Honor, I would like to approach the bench.

THE COURT: Come up here. I'm going to give you one more shot at it.

(THEREUPON, the following transpired at the bench out of the hearing of the jury:)

THE COURT: Let the record show that I'm directing you, Mr. Isaacs, to go to your next question and leave this one. And failure to do that will cause you to be in contempt of this Court.

.       .       .       .       .

MR. ISAACS: Your Honor, I respectfully move for a mistrial and I apologize to the Court, because I do feel that this is an important aspect.

THE COURT: Motion is overruled.

MR. ISAACS: The statements that you made holding me in contempt.

MR. McKINNEY: I think that was made outside of the jury.

THE COURT: This was not before the jury, Mr. Isaacs. If you disagree, fine; but you are not going to stand and argue with me.

MR. ISAACS: Can I approach the bench and talk to you about it?

THE COURT: As frequently as you want to. Some of the objections you have to except (sic). You're not going to persuade me. The record is made.

.    .    .    .    .

MR. ISAACS: I feel like the Judge's statement is threatening, and I feel intimidated. And I've felt intimidated all through this trial, and I feel so intimidated I don't feel that I'm being an effective advocate for my client.

We first note that the trial court's warning to defense counsel was outside the hearing of the jury. We find that the trial court was not in error by threatening defense counsel with contempt. The trial judge has the responsibility of maintaining the due administration of justice in the courtroom. "A lawyer may be held in contempt when he defies the court by persisting in asking questions or pursuing an argument which the trial court has excluded. . ." if it amounts to an obstruction of justice. *Smith v. State ex rel. Raburn*, 536 P.2d 976 (Okl.Cr.1975). At bar, the appellant has not shown that the trial court's threat of contempt deprived him of reasonably competent assistance of counsel. *Johnson v. State*, 620 P.2d 1311 (Okl.Cr. 1980). Despite defense counsel's admission of being ineffective, we hold that the appellant was afforded effective representation in his criminal proceeding.

## VII

It is further argued that the trial court erred in failing to grant a motion to reopen the case based upon newly discovered evidence. The appellant wished to recall one witness, Paula Chavez, to show that she had committed perjury on the witness stand.

Paula Chavez testified, for the State, that her deceased husband, Ernest Chavez, had only once committed an act of violence on her. After the defense had rested but prior to the jury's returning a verdict, defense counsel discovered that Paula Chavez had previously filed an affidavit in a divorce proceeding stating that Ernest Chavez had committed numerous violent acts on her. The trial court denied the motion, ruling that it had come "too late." "And for the further reason, it's not material to the—to go to anything concerning the merits of this case. It goes to a point that has been fully explored by previous witnesses for the defense."

It is within the trial court's discretion to determine the appropriateness of reopening a case. *Jones v. State*, 584 P.2d 224 (Okl.Cr.1978). The trial court's decision will not be disturbed on appeal unless an abuse of discretion is evident from the record. Here, the trial court's ruling is supported by the record.

We have carefully reviewed each of the appellant's assignments of error discussed in his supplemental brief and find them to be without merit. The judgment and sentence is AFFIRMED.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.