Michael Wayne TAYLOR, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-80-631.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1983.

Rehearing Denied March 22, 1983.

Mark Barrett, Asst. Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., State of Okl., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Michael Wayne Taylor, hereinafter referred to as the defendant, was convicted of the crime of Murder in the First Degree in the District Court for Texas County, Case No. CRF–79–228, was sentenced to life imprisonment and appeals.

Testimony and evidence presented at the trial established the following. Ben Stokes, a seventy-three year old bailbondsman died as a result of one or more of five blows to his head administered by great force with a blunt instrument. Mr. Stokes' body was found obscured by weeds in a remote location on his ranch. The body was found with a bloody pick axe handle. Blood stains found in a farm house on a nearby tract of land owned by Mr. Stokes were of the same blood type as that possessed by Mr. Stokes. Various other evidence indicated that in spite of attempts to conceal evidence of the crime, Mr. Stokes had sustained his fatal injuries in the farm house. At the time of Mr. Stokes' death the defendant Michael Wayne Taylor and his co-defendant Rex Bryan McCubbin had been residents in the farm house and were employed by Mr. Stokes. Both defendants testified on their own behalf and maintained their innocence but large quantities of both circumstantial and direct evidence pointed toward their guilt.

■ In his first assignment of error the defendant asserts that there was insufficient evidence of his guilt to sustain the conviction. It is argued that the circumstantial evidence against the defendant does not exclude every reasonable hypothesis other than guilt because, the circumstantial evidence would have been consistent with the theory that defendant Taylor was merely an accessory after the fact to McCubbin's crime.

This Court has held that "circumstantial evidence must exclude every reasonable hypothesis except that of guilt." *White v. State,* 607 P.2d 713 (Okl.Cr.1980); *Gray v. State,* 561 P.2d 83 (Okl.Cr.1977). However, circumstantial evidence was not the sole evidence presented at trial to establish the defendant's guilt. Direct evidence of Taylor's guilt was given by a fellow inmate of the county jail who asked the defendant why the pick axe handle used as the murder weapon had not been burned. Taylor replied that he did not have to burn the weapon because he had wiped his fingerprints off of everything he had touched. When this evidence is added to the circumstantial evidence of Taylor's guilt it is clear that there was sufficient evidence to sustain a verdict. Accordingly, we find defendant's first assignment of error to be without merit.

■ The defendant in his second assignment of error argues that admission of testimony concerning certain inculpatory statements made by his co-defendant implicating him in the murder deprived him of a fair trial. In support of this contention the defendant argues that the inculpatory statement was admitted in violation of the Sixth Amendment to the United States Constitution.

The complained of evidence was introduced at trial when a private investigator testified that while he and co-defendant McCubbin were in the county jail together, McCubbin had stated, "My partner and I are charged with first degree murder. We killed an old bailbondsman." This testimony was immediately followed by an admonition by the trial court for the jury not to consider or hold this evidence against defendant Taylor.

■ We agree that the statement was inadmissible against defendant Taylor. However, in view of the trial court's admonition it is our opinion that the prejudice of such a statement was cured. The issue of whether or not the statement was admissible under the Sixth Amendment to the United States Constitution is clouded by the defendant's apparent assumption that he may assert his co-defendant's Sixth Amendment right to counsel protection. With this conclusion we cannot agree. It is further apparent that the defendant was not deprived of his Sixth Amendment right to

confront a witness since opportunity was given defendant Taylor to cross examine co-defendant McCubbin concerning the inculpatory statements attributed to McCubbin. *Nelson v. O'Neil,* 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971). Therefore, absent argument concerning any other alleged violation of Sixth Amendment rights we find defendant's second assignment of error to be without merit.

Defendant's remaining four assignments of error all concern matters none of which were specifically addressed and thereby preserved in his motion for new trial.[1] Therefore, these remaining matters are not properly before this Court on appeal and will not be considered further. *Shipman v. State,* 639 P.2d 1248 (Okl.Cr.1982).

For the reasons herein stated, the judgment and sentence appealed from should be and the same is hereby, AFFIRMED.

CORNISH, concurs.

BRETT, J., dissents.

## APPENDIX A

1. In his third assignment of error the defendant claims that error resulted when the trial court admitted into evidence matters concerning other crimes and an alleged non probative photograph of the victim's hand.

2. In his fourth assignment of error the defendant argues that the trial court erred in not giving a limiting instruction on the issue of other crimes evidence.

3. In his fifth assignment of error the defendant alleges that numerous errors occurred in the prosecution's closing arguments.

4. In his sixth assignment of error the defendant argues that he was not allowed to enter or present into evidence testimony or a copy of an Oklahoma statute to show that when a person has been convicted of two felonies the minimum sentence which can be received by law is twenty years'

imprisonment. It is argued that such evidence was relevant to the issue of a key prosecution witness' credibility when that witness had testified that he had been given a suspended sentence after already having a history of two felony convictions.

BRETT, Judge, dissents:

I respectfully dissent. I find that the introduction into evidence of the statements, "My partner and I are charged with first degree murder. We killed an old bail bondsman." was fundamentally prejudicial for two reasons.

The statement was made by the co-defendant of the appellant to a government informant posing as an inmate in the jail. The statement was therefore inadmissible against the co-defendant as a violation of his Sixth Amendment right to counsel. *Massiah v. U.S.,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); *U.S. v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980). I do not agree the error is waived in Taylor's case simply because he cannot assert the co-defendant's Sixth Amendment right. I believe it is also prejudicial to Taylor.

The statement was also inadmissible because it was hearsay as to Taylor. This Court has previously reversed the conviction of a defendant where the co-defendant's admission or confession, made after the commission of the crime, to a witness or police officer was accusatory of the defendant. *Frye v. State,* 606 P.2d 599 (Okl.Cr. 1980). There, as I believe to be the case here, without the hearsay testimony of the co-defendant, the independent evidence against Taylor would not have supported a conviction in a separate trial.

---

1. A list of the assignments of error which the defendant failed to specifically allege in his motion for new trial and thereby preserved are found at the conclusion of this opinion and attached as "Appendix A."